PER CURIAM.
Defendant appeals from a judgment of conviction for two counts of first degree murder and one count of armed robbery. We affirm.
In 1992, defendant was involved with two other co-defendants in the armed robberies and murders of a man and a woman in South Dade. The trial did not occur until July 1998. A co-defendant, Tony Benjamin, entered into a plea agreement with the State two and one-half years after the crime. Benjamin testified at defendant’s trial that defendant had brought the gun to the crime scene. On cross-examination, the defense impeached Benjamin with pri- or inconsistent statements from a pretrial deposition during which he had stated that he, not the defendant, had carried the gun to the murder scene. The State then announced that it intended to introduce a prior consistent sworn statement from Benjamin that defendant had carried the gun to the crime scene. The State argued that the statement was admissible under § 90.801, Fla. Stat. (1997), to rebut the implication that Benjamin had recently fabricated his testimony to align it with the State’s case. The prior consistent statement was admitted over defense objection; the defense claimed that it was not raising a claim of recent fabrication, but argued that Benjamin had fabricated the entire story from the beginning.
The trial court did not abuse its discretion when it admitted Benjamin’s prior consistent statement.
A statement is not hearsay if the declar-ant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is consistent with the declarant’s testimony and is offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication.
§ 90.801(2)(b), Fla. Stat. (1997). See also Rodriguez v. State, 609 So.2d 493, 500 (Fla.1992); See generally Charles W. Ehrhardt, Florida Evidence, § 801.8 (2000 ed.).
The record is clear that through impeachment, the defense was suggesting, either impliedly or expressly, that Benjamin had changed or fabricated his testimony. The prior consistent statement was necessary to rehabilitate him after his impeachment by the defense and was a recognized exception to the hearsay rule.
AFFIRMED;